LAWRENCE v. GENERAL ACCIDENT ASSUR. CORPORATION, Limited,
OF PERTH, SCOTLAND.

(Supreme Court, Appellate Division, Second Department.  February 28, 1908.)

INSURANCE—ACCIDENT. INDEMNITY—CONSTRUCTION OF POLICY—LEGAL EXPEN-
SES.

> An accident indemnity policy, indemnifying the insured against loss
> from common-law or statutory liability for damage on account of bodily
> injuries, provided for immediate notice to the insurer of accidents and
> claims made on account thereof, and that insurer would defend suits
> brought therefor, but declared that no action should lie thereunder un-
> less brought to reimburse insured for loss actually sustained and paid by
> him in satisfaction of a judgment. *Held*, that the covenant to defend
> and the last provision recited were dependent, and hence the insurer was
> not liable for expenses of insured in successfully defending a suit for in-
> juries.
>
> Gaynor, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Second Dis-
trict.

Action by Gustav T. Lawrence against the General Accident Assur-
ance Corporation, Limited, of Perth, Scotland.  A demurrer to the
complaint was overruled, and defendant appeals.  Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

Herrick C. Allen, for appellant.
Robert Godson, for respondent.

MILLER, J.  The action is brought to recover damages for the
breach of covenant contained in a contract indemnifying the plaintiff,
in the words of the contract:

"Against loss from common-law or statutory liability for damages on ac-
count of bodily injuries, fatal or nonfatal, accidentally suffered within the
period of this policy by any person or persons while within the premises here-
inafter mentioned or upon the sidewalk or other ways immediately adjacent
thereto."

The following are among the material provisions of the contract:

"(1) The assured, upon the occurrence of an accident, shall give immediate
written notice thereof, with the fullest information obtainable at the time,
to the United States managers at the office of the corporation, in Philadelphia,
Pa., or to the duly authorized local agent.  He shall give like notice, with full
particulars, of any claim that may be made on account of such accident, and
shall at all times render to the corporation all co-operation and assistance in
his power.

"(2) If thereafter any suit is brought against the assured to enforce a claim
for damages on account of an accident covered by this policy, the assured shall
immediately forward to the United States managers, at the office of the cor-
poration, in Philadelphia, Pa., every summons or other process as soon as the
same shall have been served on him, and the corporation will defend against
such proceedings in the name and on behalf of the assured, or settle the same,
summoning costs incident to the conduct of such defense or negotiations for
settlement, unless it shall elect to pay to the assured the indemnity provided
for in clause A of special agreements as limited herein."

"(7) No action shall lie against the corporation as respects any loss under
this policy unless it shall be brought by the assured himself to reimburse
him for loss actually sustained and paid by him in satisfaction of a judgment

within 60 days from the date of such judgment and after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages, unless at the expiry of such period there is such an action pending against the assured, in which case an action may be brought against the corporation by the assured within 60 days after final judgment has been rendered and satisfied as above. The corporation does not prejudice by this clause any defenses to such action which it may be entitled to make under this policy."

The suit is brought to recover, as damages for the breach of the defendant's agreement to defend, the expenses of maintaining a successful defense to an action brought against the plaintiff for an accident sustained on the premises mentioned in said contract, and I think that by fair and reasonable intendment the complaint in this action should be deemed to allege that the claim as presented in that action was for damages for bodily injuries accidentally suffered on said premises by reason of the owner's negligence. If the case were one of original impression, I should say that the nature of the claim as presented (not what might ultimately be adjudged in the action) determined whether the suit was brought "against the assured to enforce a claim for damages on account of an accident covered by this policy," and that an action could be brought to recover damages for a breach of the defendant's covenant to defend independently of the stipulation in the contract that "no action shall lie against the corporation as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment," and that the covenant to defend and the provision quoted last above are independent. However, I am unable to distinguish this case from the case of Cornell v. Travelers' Ins. Co., 175 N. Y. 239, 67 N. E. 578; for certainly a "loss from common-law or statutory liability" is not essentially different from liability for injuries occasioned "under circumstances which shall impose upon the assured a common-law or statutory liability."

We are constrained by that decision to reverse the judgment appealed from.

Judgment of the Municipal Court reversed, with costs, and demurrer sustained, with costs, with leave to plead over on payment of costs. Leave to appeal to the Court of Appeals granted. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). I do not see that we need to be embarrassed by the very much said in the Cornell Case, for the words of the contract here are different, and that case may well be deemed as standing alone on its own peculiarities. The contract here is divisible into two independent parts in the respects under consideration. First, it indemnifies the insured "against loss from common-law or statutory liability for damages" by bodily injuries by accident to any one in or about the premises of the insured, which damages have been ascertained in an action by the injured person against the insured by a judgment obtained upon a trial of the issues. Second, it is agreed that if "any suit is brought against the assured to enforce a claim for damages on account of any accident covered by this policy," the insured shall turn the papers therein over to the insurer who shall defend such suit in

the name òf the insured but at its own expense. Now this phrase, "a claim for damages on account of any accident covered by this policy," is not to be limited as the said indemnity clause necessarily is, or by it, to claims in which the claimant finally prevails and obtains a judgment instead of losing his case. The agreement to defend has reference to actions at their beginning, not at their end. No one then knows what their result is to be. On the insured turning them over to the insurer it is bound by the contract to defend them at its own cost. It will win some of them and lose some. The agreement to ·defend therefore necessarily refers to actions in which there is no liability for damages, as tested by a final judgment, as well as to actions in which such liability exists and shall be established by such a judgment, for there is no criterion by which it is possible to separate such actions at the outset, and distinguish those in which there is such liability from those in which there is not. It follows that the complaint in the action is the criterion by which to determine whether the "claim" be one for damages on account of an "accident covered by this policy." That the claim and accident as there alleged are covered by the policy suffices. To say that only claims and accidents on which a judgment is finally covered are meant would be to strain the words and destroy the undoubted intention. The letter often killeth. The law is never absurd, though it may sometimes be made to appear so.

The interlocutory judgment should be affirmed.